May 1st, 1905.

No. 3599.

(Court of Appeal, Parish of Orleans.)

## IN RE AZTEC LAND CO., LTD., PRAYING FOR CONFIRMATION OF TITLE.

Appeal from Civil District Court, Division "D."

W. W. Wall, for Plaintiff and Appellee.

Henry Chiapella, for Defendant and Appellant.

1. Forfeiture of property under Acts 42 of 1871 and 96 of 1877 resulted from the filing of the delinquent roll in the Auditor's office; thereby a title vested in the State impeachable only on proof that the taxes had been paid for the non-payment of which the lands had been forfeited.

2. All irregularities were cured, and it was sufficient if the assessment was made by a description identifying the property.

3. A divested owner is without interest to question the disposition made by the State of the property, or to urge the nullity of plaintiff's title from the State, which must stand until set aside by a party entitled to have the sale set aside.

DUFOUR, J. Howcott, the plaintiff's author, bought by Auditor's deed under section 3 of the Act of 1888 two squares of ground in this City, and the purpose of this suit is to implead

315

the heirs of Achille Chiapella as claimants of the property, and contradictorily with them quiet the title.

The claimants attack the sale to the State for the tax of 1882 and the sale to Howcott under the Act of 1888 in 1901, and ask to be decreed to be owners of the property.

We do not find it necessary to consider these defences, for the reason that the certificates from the Auditor's and the Mortgage Offices show that the property, under an accurate and identifying description, was forfeited to the State for non-payment of certain taxes anterior to 1880.

Forfeiture of property under the Acts of 1871 and of 1877 resulted from the filing of the delinquent tax roll in the Auditor's office; thereby a title vested in the State impeachable only on proof that the taxes had been paid for the non-payment of which the lands had been forfeited. All irregularities are cured, and it is sufficient if the assessment was made by a description sufficient to identify the property.

No proof of payment of taxes, which alone could have impeached the forfeiture, has been made, hence it is valid, and the claimants, having been divested thereby, are without interest to question the disposition made by the State of the property or to urge the nullity of plaintiff's title.

Such title must stand until set aside by a party entitled to have the sale set aside. (43 An. 432-879; 46 An. 155; 52 An. 382, 1160.) Mier vs. Howcott, 3181, of our docket.

Plaintiff's title is further protected by the constitutional prescription of three years.

The judgment confirming the title is correct, Judgment affirmed.

May 1st, 1905.

Rehearing refused May 29th, 1905.